AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

**UNITED STATES OF AMERICA**
**v.**

**WEIFU CAI**

**Defendant**

Case No. 5:26-MJ-209(CBF)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of June 2026 through August 2026 in the county of Jefferson in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1349 | Conspiracy and Attempt to Commit Wire Fraud |

This criminal complaint is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

OLIVER M EXWARE Digitally signed by OLIVER M EXWARE Date: 2026.09.08 11:49:30 -04'00'

*Complainant's signature*

Oliver Exware, Special Agent

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: September 8, 2026

Carla B. Freedman

*Judge's signature*

City and State: Syracuse, New York

Hon. Carla B. Freedman, U.S. Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Oliver Exware, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of a criminal complaint charging Weifu CAI ("CAI") with a violation of 18 U.S.C. § 1349 (Conspiracy and Attempt to Commit Wire Fraud), as more fully described below.

2. I am a Special Agent with Homeland Security Investigations ("HSI"), part of the Department of Homeland Security ("DHS"). I have been employed with HSI since September 2025. Prior to my employment with HSI, I attended the University at Albany, State University of New York where I obtained a bachelor's degree in accounting and a master's degree in forensic accounting. During this time at university, I was also employed by the Federal Bureau of Investigation ("FBI") as a Student Workforce Trainee. In this position, I assisted FBI special agents in conducting financial crime investigations to include romance scams, identity and benefit frauds, wire and bank frauds, and other impersonation fraud schemes. I have also attended the Federal Law Enforcement Training Center ("FLETC") for both the Criminal Investigator Training Program ("CITP") and the Homeland Security Investigations Special Agent Training ("HSISAT"). During this time at FLETC, I was instructed on how to investigate financial fraud cases. Since becoming a HSI Special Agent, I have investigated wire fraud cases, cases involving scams, and cases involving stolen property.

3. This affidavit is founded on my personal knowledge based on my participation in this investigation, including the review of reports by myself and other law enforcement agents, communication with others who have personal knowledge of the events and the circumstances described herein, and information gained through my training and experience. The information

outlined below is provided for the purpose of establishing probable cause and does not contain all details or all facts known to me regarding this investigation.

**PROBABLE CAUSE**

4. HSI has identified CAI as a participant in a fraudulent scheme in which victims receive wire communications from persons who falsely represent themselves to be U.S. government employees. The fraudsters tell the victims that they must turn their savings over to the purported government employees for safekeeping. The fraudsters then receive valuables, including cash and gold, from those victims. The fraudsters are believed to subsequently transport those valuables across state lines and/or launder the proceeds.

5. In August 2026, V-1, a 77-year-old female, reported to the Watertown Police Department ("WPD") that she had been the victim of a scam. V-1 stated that in June of 2026, she had been contacted by a female who identified herself as "Jennifer LOGAN" and purported to work as a Senior Investigator for the Federal Trade Commission. "LOGAN" then claimed that V-1's identity had been compromised, and informed V-1 that V-1 needed to convert V-1's funds into gold coins and gold bars, and then send the gold to "LOGAN" for safekeeping.

6. On July 7, 2026, V-1 wired approximately $77,227.16 to a gold exchange in Watertown, New York. On July 14, 2026, V-1 went to the gold exchange and received 15 1-ounce gold American Eagle coins for a total cost of $69,302.10. "LOGAN" then provided V-1 with instruction about how the gold should be provided to a courier acting on "LOGAN's" behalf. On July 14, 2026, V-1 met the courier, an unidentified Asian male, at a Watertown location and provided the courier with the 15 gold coins.

7. Later in July 2026, "LOGAN" again contacted V-1 and instructed V-1 to obtain and provide additional gold. On July 21, 2026, V-1 wired approximately $94,500.00 to the gold exchange. On July 31, 2026, V-1 went to the gold exchange and received 10 1-ounce Canadian

Gold Maple coins, and 1 10-ounce Valkcambi Suisse gold bar for a total cost of $88,517.70. "LOGAN" then provided V-1 with similar instructions about how to deliver the gold to a courier. On July 31, 2026, V-1 met the courier, a different unidentified Asian male, at the same Watertown location where she met the first courier and provided the courier with the gold. Subsequently, V-1 reported this incident to WPD.

8. V-1 informed law enforcement that "LOGAN" was still expecting a third delivery of gold. V-1 agreed to assist law enforcement by participating in a simulated delivery at which law enforcement would attempt to identify and apprehend the individuals perpetrating the fraud against V-1. At law enforcement's direction, V-1 informed "LOGAN" that she had purchased approximately $91,802,60 in gold coins. Law enforcement provided V-1 with a box containing a facsimile material that simulated the size and weight of the purported gold.

9. On August 12, 2026, V-1 received a phone call from "LOGAN" stating that a courier would arrive that same day to receive the gold coins. "LOGAN" instructed V-1 to drive to an Applebee's parking lot in Watertown. "LOGAN" also sent V-1 a photograph of a $1 bill, and instructed V-1 to utilize the serial number visible on the photograph of a bill as "verification" when V-1 met with the courier. Upon arrival at the Applebees, and while monitored by law enforcement, V-1 was met by a courier later identified as Weifu CAI, a Chinese national without legal status in the United States. CAI showed V-1 a $1 bill with a serial number that matched the $1 bill in the photograph sent to V-1 by "LOGAN." V-1 provided CAI with the box containing the facsimile material. CAI then walked to a white 2026 Toyota Rav4 sport utility vehicle. In the Rav4's driver seat was an individual later identified as Wenping CHEN, a second Chinese national without legal status in the U.S. Once CAI entered the Rav4, both CAI and CHEN were arrested and taken into custody by WPD for NY Penal Law Section 155.40(1), Grand larceny in the second degree.

10. During a recorded, custodial interview conducted at a WPD facility, CAI was provided with his *Miranda* warnings. He waived his rights and agreed to speak with investigators. During the course of the interview, CAI consented to have his cell phone, which had been found on his person incident to his arrest, searched by law enforcement. CAI also signed a corresponding consent form. WPD also obtained a New York State search warrant authorizing a search of CAI's cell phone.

11. On August 19, 2026, HSI personnel conducted a manual review of CAI's cell phone, an Apple iPhone 17. The iPhone contained a screenshot, dated August 6, 2026, of text messages between CAI and another individual on the social media and telecommunications platform "WeChat." In the exchange captured by the screenshot, CAI sent a message to the other party that contained the name, gender, age, and address of an individual now positively identified as a 71-year-old woman who resides in Delaware ("V-2").[1] The personal identifying information ("PII") in the message are the same categories of PII V-1 sent "LOGAN" at "LOGAN's" request. The iPhone also contained a photograph, dated August 6, 2026, depicting a white box that bears V-2's name and the date of "8-6-26;" as well as a video, also dated August 6, 2026, depicting a person opening the white box and removing from the box what appears to be 6 gold bars. The messages and media are consistent with V-2 having been the victim of fraudulent activity similar to V-1.

12. The iPhone also contained a photograph, dated August 11, 2026, depicting a $1 bill and a finger pointing towards the bill's serial number. In a video, also dated August 11, 2026, an individual can be seen opening a blue box sealed with tape. Inside the box are JP Morgan Chase bank receipts and approximately $30,000 in U.S. currency. In August 11, 2026,

[1] The content of CAI's cell phone is primarily in the Mandarin language. Quotations and descriptions of communications discovered on CAI's phone within this affidavit should be considered informal because they are based on translations conducted by Google Translate through the Google Lens camera function.

WeChat messages between CAI and another individual, CAI sends the other individual a photograph of U.S. currency consistent with that retrieved from the blue box. CAI messages, "Dividends today." In another WeChat exchange with a different individual, also occurring on August 11, 2026, CAI asks, "[D]o you have any friends who buy gold?" The other party responds, "you have gold[?]" CAI replies, "I have it." When asked why he was selling gold, CAI responded, "[M]any friends." This media and text communication is consistent with CAI having defrauded other victims, and reminiscent of the steps taken to induce V-1 to obtain and provide gold to CAI and his co-conspirators.

## CONCLUSION

13. Based on the foregoing, there is probable cause to believe Weifu CAI has violated 18 U.S.C. § 1349 (Conspiracy and Attempt to Commit Wire Fraud). I respectfully request that a criminal complaint be issued pursuant to this violation of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

OLIVER M EXWARE Digitally signed by OLIVER M EXWARE Date: 2026.09.08 11:50:18 -04'00'

Oliver Exware, Special Agent
Homeland Security Investigations

I, the Honorable Carla B. Freedman, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by videoconference on September 8, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Carla B. Freedman

Hon. Carla B. Freedman
United States Magistrate Judge